# United States Court of Appeals

## For the First Circuit

No. 19-1340

BRENDA SMITH

Plaintiff, Appellee,

v.

AROOSTOOK COUNTY; SHAWN D. GILLEN, in his official
capacity as Sheriff of Aroostook County

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, Chief U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Peter T. Marchesi, Cassandra S. Shaffer, and Wheeler & Arey,
P.A., on brief for appellants.
Zachary L. Heiden, Emma E. Bond, ACLU of Maine Foundation,
Peter Mancuso, Andrew Schmidt Law PLLC, David A. Soley, James G.
Monteleone, and Bernstein Shur, on brief for appellees.

April 30, 2019

**Per curiam.** In considering the defendants' appeal of a preliminary injunction entered by the district court, we will set aside the ruling only if the court clearly erred in assessing the facts, misapprehended the applicable legal principles, or otherwise is shown to have abused its discretion. See <u>Wine and Spirits Retailers, Inc.</u> v. <u>Rhode Island</u>, 418 F.3d 36, 46 (1st Cir. 2005).

Brenda Smith receives a twice daily dose of buprenorphine prescribed by her doctor as treatment for what her doctor classifies as an opioid use disorder. Smith is due to be incarcerated for forty days at the Aroostook County Jail. Jail officials informed her counsel that she would not receive her medication while incarcerated. Her physician opines without serious contradiction that prior efforts to take Smith off her medication have not been successful and that her medication is necessary to her continued health; he and other witnesses opine that, given her medical history, forced and immediate withdrawal from buprenorphine will cause her painful symptoms and increase her risk of relapse, overdose, and death. She therefore brought this suit seeking, among other things, injunctive relief compelling the defendants to provide her medication while she is incarcerated. Defendants replied, in part, that whether she receives the medication will depend on a case-by-case medical assessment. Defendants, though, do not actually plan to obtain such an assessment from a

qualified doctor prior to incarcerating Smith.

On this preliminary record, the district court considered the likelihood of Smith prevailing on a claim for discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; the potential for irreparable harm; the balance of harms; and the public interest. Noting that defendants' own submissions tout the variety of reasonable alternatives at their disposal for providing Smith with her medication in a manner that alleviates any security concerns, the district court found a sufficient likelihood of success combined with both a strong balance of harms and a public interest in favor of Smith so as to warrant a preliminary injunction ordering the jail to provide Smith with her medication as prescribed while she is incarcerated.

We previously denied the defendants' request for a stay of the district court's order. Now we address the merits of the defendants' appeal of that order.

Having carefully considered the record and the parties' briefs, we find no abuse of discretion by the district court in its preliminary assessment of the issues that must be balanced in deciding a request for preliminary injunctive relief.

The preliminary injunction is <u>affirmed</u>. The motions of the American Medical Association, American Society for Addiction

Medicine, Maine Medical Association, Connecticut Society for Addiction Medicine, Connecticut State Medical Society, Maine Association of Psychiatric Physicians, Massachusetts Medical Society, Massachusetts Society of Addiction Medicine, New Hampshire Medical Society, Northern New England Society for Addiction Medicine, Rhode Island Medical Society, Rhode Island Society for Addiction Medicine, Vermont Medical Society, Joshua M. Sharfstein, Brendan Saloner, Colleen Barry, Noa Krawczyk, Jenny Wen, and Jia Ahmad for leave to file amicus briefs on behalf of Smith are denied as moot.